UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY NELSON NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2520** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX** | **SECTION: "F"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Kelly Nelson Norris, a state pretrial detainee, filed this *pro se* federal civil rights action against the "Terrebonne Parish Criminal Justice Complex." In this lawsuit, he claims that he was subjected to unconstitutional conditions of confinement at the LaSalle Correctional Center, a facility to which he was temporarily evacuated due to an approaching hurricane.

Plaintiff filed this civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In this lawsuit, plaintiff alleges that he was temporarily evacuated from the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana, to the LaSalle Correctional Center ("LCC") in Olla, Louisiana, in late August of 2020 due to an approaching storm. At LCC, the inmates purportedly were indiscriminately assigned housing with other inmates irrespective of their health status and whether any enmity existed among the inmates. On plaintiff's second day at LCC, the storm hit, and LCC lost electricity and water for three days. He alleges that, during that time, he suffered a "light 'seizure'" and did not get appropriate medical treatment.

Although the Court is not unsympathetic to the foregoing allegations, the instant lawsuit should nevertheless be dismissed because plaintiff has neither sued an appropriate defendant nor brought his action in the proper court.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, which provides:

Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

42 U.S.C. § 1983 (emphasis added).

As noted, the only defendant plaintiff has named in this lawsuit is the "Terrebonne Parish Criminal Justice Complex." However, "the Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances." Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013). That is true because "a jail is merely a building, *not a 'person' subject to suit under 42 U.S.C. § 1983*." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007) (emphasis added); accord Coleman, 2013 WL 6004051, at *5; Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

Moreover, in any event, plaintiff's complaint concerns events he experienced while he was temporarily housed at LCC in Olla, Louisiana. However, Olla is a town in LaSalle Parish, which falls within the geographical jurisdiction of the United States District Court for the *Western* District of Louisiana. 28 U.S.C. § 98(c). If plaintiff believes that his rights were violated by individuals employed at LCC, he should bring his lawsuit against those individuals in the Western District.[2]

---

[2] Federal law provides:

> *A civil action may be brought in –*
>
> *(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;*
>
> *(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or*
>
> *(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.*

28 U.S.C. § 1391(b) (emphasis added).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** to his right to reassert his claims against a proper defendant in a court of appropriate jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___9th___ day of October, 2020.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**